UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION

CASE NO: 08-10024-CR-KING/BANDSTRA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MISAEL VELAZQUES MOLINA and
DUNIESKY LAU SOSA,

    Defendants.
_____/

## ORDER AFFIRMING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO DENY DEFENDANT'S MOTION TO DISMISS INDICTMENT DUE TO PRE-INDICTMENT OR ALTERNATIVELY TO COMPEL THE GOVERNMENT TO PRODUCE WITNESSES

THIS CAUSE comes before the Court upon the July 10, 2008 Report and Recommendation of Magistrate Judge Ted E. Bandstra (DE #43), recommending that both Defendant's Motion to Dismiss Indictment due to Pre-Indictment Delay or Alternatively to Compel the Government to Produce Witnesses (DE #28) be denied. On July 16, 2008, Defendant Sosa objected to this R&R (DE #44).

As factual background, on September 11, 2007, Defendants Sosa and Molina were detained (while operating a fishing vessel) by the United States Coast Guard off the coast of South Florida. Twenty-four Cuban nationals were also aboard the fishing vessel, and at least one provided a statement at that time (according to the communication log provided by the Government in response to the Standing Discovery Order) that Sosa and Molina rescued

them at sea when their separate boat was floundering. The Cuban nationals had not set foot on dry land prior to their detainment, and they were subsequently repatriated back to Cuba. On April 28, 2008 (approximately eight months after the alleged criminal acts had transpired), the Indictment was returned against Sosa and Molina.

This Court concludes that the R&R contains thorough and well-reasoned recommendations. For a due process violation to exist for pre-indictment delay, a defendant must establish that (1) the delay caused actual prejudice to his defense and (2) the delay was a product of deliberate design by the government to ascertain a tactical advantage. *See Stoner v. Graddick*, 751 F.2d 1535, 1542 (11th Cir. 1985). Here, contrary to the Defendants' assertion, the statement from the communication log does not establish prejudice. As correctly noted by Judge Bandstra, "this same communication log does not establish which migrant(s) made the subject statement, whether the vessel was actually sinking or unable to cooperate, or whether defendants 'rescued' them at all apart from the alleged scheme to smuggle the Cuban aliens into the United States." (R&R, pg. 5-6). Additionally, the Defendants have not established bad faith. The only evidence that the Defendants have submitted concerning bad faith is that, in multiple unrelated cases (in which the same assistant public defender represented the respective defendants), the Government did not immediately repatriate Cuban witnesses, which allowed defense counsel to interview these witnesses prior to repatriation. The Defendants Sosa and Molina assert that the Government has intentionally altered its practice to now immediately repatriate such witnesses, thus preventing defense counsel from conducting interviews. This Court finds that this alleged

practice does not constitute direct evidence of bad faith. The Defendants have merely provided evidence of delay and then speculate that such is the consequence of bad faith. The Government asserts that policy concerns due to an increase in alien smuggling has led to the earlier repatriation of Cuban nationals in recent years. The Defendants counter that the Government has not substantiated this allegation of recent increases in alien smuggling. However, the Defendants have the burden to establish bad faith, and the speculative evidence presented does not satisfy this burden. *See Stoner*, 751 F.2d at 1540.

Further, this Court concludes that Defendant's Motion (in the alternative) to Compel the Government to Produce Witnesses should be denied. As Judge Bandstra correctly notes, the Defendants cite no authority (e.g., case law, statutes, etc.) for the proposition that this Court has the authority to either order the State Department to return the Cuban witnesses to the United States for interviewing or order the State Department to issue travel documents to Defendants' counsel so that the Cuban witnesses may be interviewed in Cuba. Additionally, an order from this Court that attempts to compel the State Department to perform either action would arguably violate the separation of powers doctrine. *See DeSilva v. DiLeonardi*, 125 F.3d 1110, 1113 (7th Cir. 1997) (concluding that a statute did not violate the separation of powers doctrine because a "certificate of extradition [(issued by a judge)] is no different from a search warrant or an order approving a deportation: it authorizes, but does not compel, the executive branch of government to act in a certain way" (emphasis added)). The action requested by the Defendants is intertwined with foreign relations and is solely relegated to the discretion of the executive branch. *See Oetjen v. Central Leather*

*Co.*, 246 U.S. 297, 302 (1918) ("The conduct of the foreign relations of our government is committed by the Constitution to the executive and legislative—'the political'—departments of the government, and the propriety of what may be done in the exercise of this political power is not subject to judicial inquiry or decision."); *Spartola v. United States*, 741 F.Supp. 362, 370 (E.D.N.Y. 1990) ("Grounded in notions of comity, and formally established by treaty, extradition, like all foreign affairs, is soundly committed to the political branches of government."). However, it should be noted that this conclusion does not preclude the Defendants from seeking travel documents and communicating to the State Department that such documents would enable them to interview witnesses for a pending criminal matter. Moreover, even if the Defendants are not able to obtain these travel documents and conduct the requested interviews, their access to this evidence is not completely nullified because the Government has indicated their willingness to stipulate to the accuracy of the communication log's entry which states that the Defendants picked up the Cubans when the Cubans' vessel was floundering. If this stipulation occurs, the Defendants would possess the advantage that such evidence would not be subjected to cross-examination by the Government.

Accordingly, after a careful review of the record, and the Court being otherwise fully advised, it is

ORDERED, ADJUDGED, and DECREED that Magistrate Judge Ted E. Bandstra's July 10, 2008 R&R (**DE #43**) be, and the same is hereby, **AFFIRMED** and **ADOPTED**, and the Defendant's Motion to Dismiss Indictment due to Pre-Indictment Delay or Alternatively to Compel the Government to Produce Witnesses (**DE #28**) be, and the same is hereby,

**DENIED.**

DONE and ORDERED in chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 22nd day of July, 2008.

*[signature]*
JAMES LAWRENCE KING
U.S. DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc: Magistrate Judge Ted E. Bandstra

*Counsel for Plaintiff*

**Michael Sofia**
United States Attorney's Office
99 NE 4 Street
Miami, FL 33132
305-961-9208
Fax: 305-536-4699

*Counsel for Defendants*

**Robert Norman Berube**
Federal Public Defender's Office
1 E Broward Boulevard
Suite 1100
Fort Lauderdale, FL 33301
954-356-7436
Fax: 954-356-7556

**Gennaro Cariglio, Jr**
10800 Biscayne Boulevard
Miami, FL 33161-7400
305-899-0438
Fax: 891-2297